COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


CLARA M. BALLARD
                                    MEMORANDUM OPINION*
v.    Record No. 2517-00-3              PER CURIAM
                                       MARCH 6, 2001
HALLER CLOCK COMPANY OF AMERICA, INC.
 AND PENNSYLVANIA MANUFACTURING ASSOCIATION
 INSURANCE COMPANY


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Terry N. Grimes, on brief), for appellant.

              (Susan Moloney Smith; Midkiff, Muncie & Ross,
              P.C., on brief), for appellees.


     Clara M. Ballard (claimant) contends that the Workers'

Compensation Commission erred in finding that she failed to

prove she sustained an injury by accident arising out of and in

the course of her employment on March 15, 1999.  Upon reviewing

the record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

     In denying claimant's application, the commission relied

upon the deputy commissioner's credibility determination,

finding as follows:

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

The Deputy Commissioner found that the claimant did not sustain her burden of proof. His conclusion is based on a comparison between the claimant's hearing testimony and Dr. [John F.] Carmack's medical records, which reflect that the claimant had pain after lifting a bunch of stuff and after performing repetitive motion all day long. [The deputy commissioner] ultimately determined that the claimant's account at the hearing was not credible.

. . . We find that the record supports the Deputy Commissioner's determination. [Sandra] Hackney[, claimant's supervisor,] credibly testified that the claimant did not tell her that she hurt herself until several weeks after March 15, 1999. The claimant admitted that she did not tell Hackney exactly how the accident occurred.

The claimant's testimony that she refused the offer of medical assistance on April 9, 1999, because her arm hurt too much is implausible. Although she said that her arm was "killing her," she waited over a month to get treatment. The most contemporaneous medical reports support a finding that the claimant's injury was caused by repetitive trauma, which is not compensable.

In light of claimant's failure to report a specific identifiable incident to her supervisor, the one-month gap between the alleged incident and when claimant first sought medical treatment, and the lack of any history of a specific identifiable work-related incident in the contemporaneous medical records, the commission, as fact finder was entitled to find claimant's hearing testimony not credible and to conclude that at most, she proved a non-compensable repetitive trauma

injury. It is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).

Based upon this record, we cannot find as a matter of law that claimant's evidence sustained her burden of proof. Accordingly, we affirm the commission's decision.

Affirmed.